## E. H. McALMOND *vs.* NICHOLAS ADAMS.

The act of 1865 requires that a precipe, perform the functions of the precipe, and of that paper, called the assignment of errors under the act of 1862–3.

The particularity of statement in the precipe, decriptive of errors assigned, is analagous to the particularity of stating a course of action in a complaint, in the lower Court.

What is not, and what is the particular description of alleged errors required in a precipe pointed out.

A mere classification of errors, as in this case not sufficient. The specific errors complained of must be pointed out, and so individualized by description in the precipe, that the defendant in error is apprised of just what is to be contested in the upper Court.

This particularity of description must be contained in the precipe without the aid of the transcript.

The right to amend the precipe in this Court so as to comply with the above requirements intimated but not passed upon.

Error to Third Judicial District.

Opinion by Darwin, Associate Justice.

The precipe declared that the plaintiff in error would take out a writ of error to revise and reverse for errors in decisions made during "said proceedings in instructing and refusing to instruct, as well as in charging the jury, which said errors of law are specified in bills of exceptions signed and filed in said Court."

To this the defendant in error interposed a motion to dismiss the writ on the ground.

1.   That the plaintiff had made no affidavit of prejudice by the judgment.

2.   That "there was no assignment of errors in the precipe as required by law."

We refuse the motion on the first ground stated and proceed to consider it upon the second, namely the sufficiency of the assignment of errors in the precipe.

Before January, 1865, the law fixing the exactness of the precipe required only that it contain "a particular description of the judgment, order or decision on which the party wishes to bring his writ."   Sec. 378, Civil Practice Act.

This section did not contemplate in the precipe any description of the error but only if the final adjudication and such description would seem to be required as would advise the defendant in error what case was appealed.

The names of the parties would often be descriptive enough, but if there were several judgments in such names then further descriptive facts which would difference that one meant, from the rest, as the date, or amount, or subject matter thereof, would become necessary.

After the case had been established in this Court, then and not till then, was the plaintiff according to Sec. 384 required to assign his errors.

According to that law the particularity required in the precipe was only such as to point out the case and then the particularity of the subsequent assignment of errors would be fixed by rule or left to general principles.

Now the act of 1865 changed this mode of procedure and abolishing the paper filed in this Court called the assignment of errors, without abrogating its office, transferred its duties over to the precipe.

This the legislature did by taking away the assignment of Sec. 384 of the law of 1863 and enlarging the precipe of 1865 to include it.

They commissioned the precipe of 1865 to discharge the functions both of the precipe and of the assignment of 1863. The present precipe is to contain as the old one did, first, a particular description of the case on which he wishes to bring his writ, and also, second, to compensate for the defunct assignment "a particular description of the errors assigned."   See Sec. 4 in the act of 1865.

And lest any doubt should remain as to the abrogation of the paper called the assignment, or as to where the errors should be now assigned, Sec. 9 of the act of 1865 declares, that this Court shall hear the cause upon the errors assigned in the precipe.   Now if we were left to general legal principles from which to arrive at the exactness required in such assignment in the precipe, we would conclude that it was the same exactness which had before been used in the so called assignment within this Court; and that would be such certainty as notified the defendant of the very error complained of.

On general principles it is not too much to ask of him who comes here complaining of the errors of a Court below that he state them clearly.   To suffer him to allege that the decision was erroneous without saying wherein, and that he was damnified without pointing out whereby, would be to depart from all the analogies which have presided over the methods of demanding justice since justice began to be administered as an established right.   The wants of the plaintiffs should be stated clearly that the tribunal may see what is demanded and may know whether such demand is within its jurisdiction, that the defendant may not be taken by surprise and may intelligently make his defense.   In analogy to the complaint in the Court below the precipe is here the statement of the grievances on which the plaintiff relies.   The statute makes it his duty to state his cause of appeal, not merely the judgment or decision, but the errors which he wants reviewed.

It is not enough to state that there was error generally, for that might as well be inferred from the mere fact of an appeal. Nor is it enough to aver an error in instructing, for that would be to name the kind of error but not the error.   Nor to say it was in refusing to instruct, for that too would only be to classify, not to describe it.   Nor to allege that it was in charging the jury, for that only gives the names of a class of propositions, which class might include a hundred.   In none of these statements is the error pointed out but is only said to be one which will be found in the class or kind called errors of instruction, or of refusing to instruct, or of charging, as the case may be.

For while each of these statements subsumes an error under a class, it fails to individualize the error and, as such class may contain any number of separate and different errors, no information is given of the particular error intended.   Such a classification would convey more or less information, depending on the number of errors within it.   It might be all the defendant needed, and it might be of no practical guidance, whatever; but in no case would it be a conformity to the law.   Now let us examine the assignment in this case in the light of these principles.

30

The first doubt that arises from reading the assignment is whether the plaintiff alleges error in the mere fact of instructing at all, and of refusing to instruct, and of charging; or whether he only means to allege error in the manner of executing each of these functions; but resolving this doubt in his favor let us look at the descriptions he offers. There are four several descriptions of errors. The first is as follows: " In decisions made during said proceeding," and it is afterwards added, "which said errors are specified in bills of exceptions filed in said Court." Now to tell the defendant that the errors you want reviewed were committed "during said proceedings" is only to repeat what you have declared by the fact of appealing such proceeding; and to add that they are specified in bills of exceptions filed in the case, is not to advance his knowledge. That rulings, claimed to be error, were specified in bills of exceptions he became aware of during the trial, and that the particular error you are complaining of must be among these he may also conjecture, but which of them are the obnoxious ones he has no more knowledge of from your precipe than before. When you notified him of an appeal he knew that it must be of some error in the proceedings, else why your appeal? and he also knows that that must be saved, if saved at all, by an exception, else your appeal would not serve you. But your precipe leaves him quite in the dark as to which of the errors so saved is the one you want tried over, and, nevertheless, that is the very information you were required to afford.

If we proceed to the next description, which is in the following terms: " In instructing," to which may be added the common conclusion as before, " which said errors are specified in bills of exceptions filed in the Court," we find it open to all the objections we have made to the foregoing. Besides, the said errors are not specified in the bills of exception. The defendant can tell no more what error you appeal from when he has looked at the bills than before. What he learns from them is that there is a large number of pretended errors presented, but he don't know which you mean to invoke the action of this Court upon. He knows it must be one of some twenty because

there are only so many; but your indication by the bills was only that you might, and that by the precipe should be that you would, seek to revise some particular one.

The next description which is in the following terms, "In refusing to instruct," is open to the same charge, and is not aided by the assurance which mainly concerns the plaintiff that "said errors were specified in the bills." The same things may be said of the charge, and it may be added that the exception to that is taken to all the parts thereof and leaves it more uncertain than in the former cases which part of the many parts of it are to be reviewed. Suppose there are twenty errors of instructing, twenty of refusing to instruct, twenty in the charge, twenty in motion-rulings, making eighty. Now, if the error was merely brought within the class of errors in deciding, the defendant might make seventy-nine mistakes in finding it. If the plaintiff said it occurred in instructing, he has reduced the chance of blunder within that class, and the defendant could mistake only nineteen times. Besides, if to assign an error meant to classify it, then, as there is no particular class required to be favored, the plaintiff might just as well put it in the largest class, saying it was an error in "decisions made" as in a smaller class, saying it was an error made in "instructing." But neither of these would be to describe the error, which means, to say something of it which shall enable one to know it from any other. The certainty required to be in the precipe is the certainty of what errors the plaintiff means to try. Many points are saved which are subsequently abandoned and so the appellant must announce in his precipe his existing purpose. Nor is it true, as claimed, that an inspection of the bills supplies this certainty, for no bill states what the precipe fails to state, viz: The errors the appellant now relies on. Nor do all the bills, together, do this. On the contrary, by consulting them the defendant's confusion and uncertainty is augmented by their number and the certainty recedes as the defendant becomes acquainted with their contents.

In the transcript are many alleged errors, and each is perpetuated by a bill, and in the utterance of each bill you hear a

description of its particular protege, but though the ones you want reviewed thus happen, by a sort of partiality, to have got themselves described yet they are in no wise indicated for review. Each bill describes an error solely for the purpose of having it reviewed if the defendant shall subsequently so conclude, and the precipe is requested to say whether he has so concluded or not.

The purpose to revise is not in this precipe and it cannot be obtained from the transcript, for that only suggests a recollection—does not enunciate a will—it utters a past state of mind, not a present one;. it evinces a preparation for a possible contest, but not the assurance of a contest, and certainly not the point to be contested.

If the precipe had said such contest was to be on all the errors, then, though the certainty was not in the precipe, yet it might be said to be capable of discovery by sufficient explorations.

But the certainty which was to be spread out at large in the precipe and is not, but is said to be discoverable in the transcript is not even there, for when defendant has sounded all its deeps he is yet ignorant of which individual error of the many bearing his brand the plaintiff means to assail. If while the plaintiff did not, the transcript did, indicate the error there might be more ground for the pretension that the maxim applied which holds that to be certain which can be made so. But the fact is, defendant knows no more from the bills what errors the plaintiff is to contest than he did from the precipe, for neither tell him. And the object of the particular description required in the precipe was not to specify an error so that the plaintiff might commend it to a court for review, which is the object of the bill, but so that the defendant might know it from one he did not mean to contest, but which he had nevertheless prepared to contest. The description required by the bill is for the benefit of the plaintiff, that in the precipe, for that of the defendant. The one so to describe to the Court the point contested between the Court below and the plaintiff, as that plaintiff may have the same reviewed; the other, so to dif-

ference one error from the rest, as that defendant may prepare
and maintain its rectitude; besides no matter what the reasoning
may be, the law requires an assignment of error to be in the
precipe, not in the transcript.

An assignment means a specification of errors. The errors
which defendant considers remain yet in the cause. Some
which seemed probable during its progress have been cured
by subsequent action. Some have been waived. Some have
seemed no longer desirable to contest..

And now when a new selection of issues is to be made for an-
other tribunal, the complainant must describe his wrongs. It
is not enough to assign, but there must be a description, and that
is not enough, but the description must be a "particular de-
scription." To "assign" an error would be to state it or to say
that an error had been committed. To describe such error
would be to state things about it which differenced it from
some other error. To describe it is to name its distinguishing
attributes, as that it was in excluding the testimony of Jones
or Williams and not testimony generally, or in overruling a
motion of such a date or somehow otherwise specialized, and
not generally in overruling motions, or in admitting the tes-
timony of coins or such testimony as shown by a bill of a given
date or number, and not generally in admitting improper testi-
mony, or in giving instructions of stated numbers, or in refus-
ing instructions marked so and so, and not generally "in giving
instructions" or "in refusing instructions." Or in charging
the jury as in a clause somehow designated and not generally
in erroneously charging.   .

Now, if such exactness be required by mere force of the
word "description" then the requisites of a "particular descrip-
tion" would certainly imply such specialization as that the error
meant could not be mistaken for any other in the record.

But it is said that if the precipe refers to the transcript,
with an assertion that it contains an exposition of the errors at
length, that that will be a compliance with the law which pre-
scribes that the precipe shall contain the "particular descrip-
tion." We answer that the law demands, not that the tran-

script, nor yet the precipe, aided by the transcript, but that the precipe shall contain such description. The duty is imposed upon the plaintiff, not of informing the defendant, by his precipe, that there were various errors which he may find in the transcript if he will use patience and diligence enough; but of particularizing them so therein that defendant may have a reasonable certainty of what the plaintiff seeks without the need of blindly diving into the record for himself, dragging them up by their uncertain locks.

If the plaintiff's view of the uses of a precipe were correct there would be no need of one, and the plaintiff might simply inform the defendant that he takes a writ and the reasons will be found in the transcript.

The law demands, not that the precipe secure the contingency of certainty, not that it contain a hint, which being pursued, may lead to certainty, but that in its very self it furnish the certainty. The truth will bear repeating that the errors on which the plaintiff relies cannot be made certain by taking the hint of the precipe and seeking for them in the chaos of the transcript.

In this transcript there are nine exceptions by plaintiff to the overruling of his motions; five to admission of evidence; three to the refusal of his instructions; six clear objections to the instructions for the plaintiff, and probably plaintiff will claim that he has fifteen.

He has one sweeping one to the charge which contains nineteen distinct propositions, so that here there is a possibility of fifty-one questions. Now, practically, we can infer that plaintiff will not rely on all these; but he has no right to conceal that fact from the defendant and thus defeat his preparation for the three or four points on which he really has resolved to rely.

There is nothing in section 18 which militates with the notion that errors must be assigned as a condition of being heard. Sections 4, 9 and 18 read together as follows:

"In the precipe the plaintiff shall state a particular description of the case for which he wants a writ, and also a par-

ticular description of the errors assigned, so as to individualize them, and the Court shall hear the case on those errors, only, and adjudge upon all such of them as shall appear by the record." If there were a doubt regarding the right to read this Section so as to make the assignment conditionate the adjudging, it would be removed by reflecting that while the section on adjudging was law, as now, the legislature provided that the precipe must state the errors and the Court should "hear the cause on those assigned," which means shall hear the cause on those only.

Much has been said, on the rehearing, of the duty of construing this law of appeal liberally. The Civil Practice Act prescribes that its own provisions be applied so as to promote justice.

But the same temper, which would open wide the portals of the Court below to a liberal hearing, unhindered by any strict construction, would also, after such a hearing has been enjoyed, or presumably enjoyed, demand a full compliance on the part of him who would prolong litigation, with those provisions which conditionate a reconsideration of matters once decided.

He, who brings a writ of error, does so by the aid of an attorney, generally the man who tried the cause and is presumed familiar with it. He prepares his precipe or complaint of errors in the undisturbed quiet of his office and attended by ample leisure. If to assign his errors and particularly describe them implies ease and demands labor it also so far forth affords a guaranty that he, in good faith, means to urge all those that he so describes, and if he fail to state in his precipe in the way required by law a sufficient legal cause for the action of this Court we must presume that he has none.

A question might have arisen herein but did not as to the right to amend in this court the precipe into the exactness required. Such a motion might have been made even after the motion to dismiss, and would have been entitled to consideration before final action on such motion. It was not, and we are left to pass on this motion unembarrassed by any other enquiry. Therefore, on the second ground of defendant's motion, alleging

insufficient assignment of errors, the writ is dismissed, and the judgment of the Court below is adopted and entered as the judgment of this Court; with ten per cent. damages, and that execution may issue from this Court therefor.

WYCHE, Justice, dissenting.